UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASSIE CALLAWAY,
an individual,

      Plaintiff,

v.

Case No.:

EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,

      Defendant.
_____/

## PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION

Plaintiff, CASSIE CALLAWAY, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Jon P. Dubbeld, Esq. as Lead Counsel for Plaintiff.

## COMPLAINT

**COMES NOW**, Plaintiff, CASSIE CALLAWAY (hereinafter "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff, an individual consumer, for damages for Defendant's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Defendant failed to

1

establish, maintain, and follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates in the preparation of credit reports and credit files published by Defendant—More specifically, Defendant failed to correct Plaintiff's credit file due to a discrepancy related to a lawful court approved name change for Plaintiff. Further, Defendant has incorrectly generated two separate or split credit files for Plaintiff which has resulted in inaccurate identifiers for Plaintiff and false barriers of access to her credit file.

2. Additionally, this is an action brought by Plaintiff for damages for Equifax's violations of the FCRA wherein Equifax received multiple disputes from Plaintiff, yet Equifax failed to provide any dispute results to Plaintiff.

3. Finally, this is an action brought by Plaintiff for damages for Equifax's violation of the FCRA wherein Equifax failed to clearly and accurately disclose all information in Plaintiff's credit file or consumer report upon her request despite Plaintiff providing all required documentation to identify herself as the consumer affiliated with the credit file in question.

## JURISDICTION, VENUE & PARTIES

4. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

5. Defendant is subject to the jurisdiction of this Court as Defendant regularly conducts business in this District.

6. Venue is proper in this District as the acts and transactions described herein originated and occurred in this District.

7. At all material times herein, Plaintiff is a natural person residing within this District.

8. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

## FCRA STATUTORY STRUCTURE

9. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

10. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § 1681e(b) (emphasis added).

11. Further, under the FCRA, whenever a consumer reporting agency receives a dispute from a consumer, the consumer reporting agency is required to provide written notice to the consumer including the results of a reinvestigation not later than five (5) business days after the completion of the reinvestigation. *Id.* at § 1681i(a)(6).

12. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to

3

that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

13. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

14. At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

15. At all material times herein, Defendant credit reports information concerning various consumer credit accounts by multiple furnishers.

16. At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax then disburses such consumer reports to third parties under contract for monetary compensation.

17. At all material times herein, Defendant acted themselves or through their

respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

18. All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

### Equifax's Failure to Provide Plaintiff's Credit File

19. On or about January of 2024, Plaintiff filed an online petition for a decree to change her name, Form NC-130, with the Superior Court of California in Los Angeles County (Hereinafter, "Name Change Decree").

20. Plaintiff's petition was duly considered with the Court and affirmed at a hearing on or about March of 2024 by Judge Lawrence Cho.

21. At some point after her name was legally changed in 2024, Plaintiff attempted to access her Equifax credit report, was given an error message, and was denied access.

22. Equifax requested identifying documents from Plaintiff to verify her identity to access her report.

23. Plaintiff attempted to provide Equifax with identifying documents and information to regain access to her report including but not limited to: Plaintiff's government issued identification, proof of residence, her social security card, and name change decree.

24. Plaintiff provided such documentation to Equifax approximately

fourteen (14) times prior to writing a formal dispute to Equifax.

25. Plaintiff called Equifax on various occasions throughout 2025 and spoke to Equifax representatives to relay her identifying information and name change decree, and told Equifax that Plaintiff was unable to access her credit report.

26. Equifax responded to Plaintiff with repeated assurances and relayed to her that the matter was "under investigation" and would be resolved within thirty (30) days.

27. Despite the above, and after various attempts throughout 2025 to access her credit report, Plaintiff was unable to access her Equifax credit report in any capacity.

28. On or about May of 2025, Plaintiff began formally disputing to Equifax on her own accord via mailed letters accompanied by supporting documents.

29. Plaintiff simultaneously uploaded these documents onto her Equifax portal for review while Plaintiff disputed in writing to Equifax.

30. Plaintiff sent her first dispute on or about May 2025 and the corresponding documents via USPS Priority mail (Hereinafter, Plaintiff's First Dispute").

31. Within Plaintiff's First Dispute, she requested Equifax to allow her access to her consumer file as she had provided all documentation proving her identity including copies of Plaintiff's Social security card, her driver's license, Plaintiff's current proof of address, Plaintiff's name change decree, and a copy of her birth certificate to verify her identity to Equifax.

6

32. Plaintiff advised Equifax that despite providing the required documentation, Equifax continues to prevent Plaintiff from accessing her report in violation of the FCRA.

33. Plaintiff further requested full documentation of the procedures Equifax used to "verify" her identity and name change and advised of the violation of her rights from being denied access to her credit file.

34. Plaintiff included prepaid postage in her letter to Equifax in an attempt to receive documentation back in a timely manner.

35. Equifax received Plaintiff's First Dispute.

36. Plaintiff did not receive a response from Equifax in response to her First Dispute.

37. Plaintiff sent *another* dispute and corresponding documents on or about September of 2025 via USPS Priority Mail Express, shipment referenced by tracking number: 9470111899561962665364 (Hereinafter, Plaintiff's Second Dispute").

38. Plaintiff *again* included in Plaintiff's Second Dispute copies of the following documents: Plaintiff's Social Security Card, Plaintiff's driver's license, Plaintiff's current proof of address, Plaintiff's name change decree, and a copy of her birth certificate.

39. Plaintiff again uploaded these documents to Equifax's portal with her dispute in addition to sending them via USPS Priority Mail.

40. Equifax received Plaintiff's Second Dispute.

41. Equifax claimed that they possessed "proof" of a name change but were

7

unable to provide Plaintiff with full documentation of the procedures, records, and sources relied upon to reach this conclusion.

42. Plaintiff sent Equifax a third letter and corresponding documents on or about January of 2026 via USPS Priority Mail Express, shipment of documents referenced by tracking number: 9405511899561970455573 (Hereinafter, "Plaintiff's Third Dispute").

43. Equifax received Plaintiff's Third Dispute.

44. Despite Equifax receiving all three of Plaintiff's dispute letters, and despite Plaintiff disputing through Equifax's online portal and via Equifax representatives throughout 2024 and 2025, Equifax has still failed to provide dispute results to Plaintiff or provided Plaintiff access to her credit report.

## DAMAGES

45. As a result of Defendant's failure to maintain accurate records and provide Plaintiff with access to her credit file, Plaintiff has been completely unable to obtain her Equifax credit report through any channel, including direct consumer access or through lender inquiries and thus, Defendant has directly interfered with Plaintiff's ability to secure financing of any kind.

46. Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of potential erroneous and incorrect reporting of any of her tradelines, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing as a result of not being able to view and verify her credit file.

47. Overall, Plaintiff suffered damage to her credit reputation as a result of Defendant's conduct.

48. Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

49. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

50. As a result of Defendant's conduct, actions, and inactions, Plaintiff was deterred from making credit applications as she did not wish to further damage her credit score with futile credit inquiries, and she was continually evaluated for credit using consumer reports that she was unable to review for accuracy.

51. Specifically, Plaintiff tried closing on a home in July of 2025 and was denied as the Bank requires access to Plaintiff's Equifax credit profile in order to proceed and Plaintiff has not been able to obtain access despite her exhaustive attempts.

52. Additionally, Plaintiff was in the process of obtaining a construction loan in 2025 when the lender was unable to pull Plaintiff's Equifax credit report due to the lockout, which caused Plaintiff's loan application to be denied.

53. As a direct result, Plaintiff lost her construction deposit, causing significant financial harm.

54. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite providing Equifax with the necessary documents to identify her, Plaintiff must simply endure Defendant's denial of access to her Equifax report and any further reporting by Equifax would be unverified by Plaintiff for the foreseeable future.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through fifty-four (54) as if fully restated herein and further states as follows:

55. Equifax is subject to, and has violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

56. This includes the proper association, maintenance, and reporting of Plaintiff's consumer credit file.

57. Following Plaintiff's lawful court-ordered name change, Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports by failing to maintain reasonable procedures to accurately associate plaintiff's identifying information- despite Plaintiff's consistent Social security number, date of birth, and extensive documentary proof- resulting in the creation and maintenance of multiple,

fragmented consumer credit files for Plaintiff.

58.  Despite Plaintiff filing her name change decree, which was affirmed at a hearing in March of 2024, and despite Plaintiff sending this documentation to Equifax over fifteen (15) times--Equifax subsequently failed to provide Plaintiff access to her credit file and incorrectly created a "split file," that is, two separate credit files with Plaintiff's identifying information.

59.  The existence of multiple consumer files for the same individual, based on inconsistent identifiers despite a single social security number, date of birth, constitutes inaccurate information under the FCRA, as it misrepresents the consumer's credit history, prevents complete and accurate reporting, and results in the dissemination of incomplete or misleading consumer reports.

60.  Equifax's procedures were unreasonable in that Equifax relied on automated matching and identity verification systems that failed to properly process the court order, and therefore Equifax failed to implement or utilize reasonable manual review or override procedures when presented with documentary proof sufficient to verify Plaintiff's identity.

61.  Between March 2024 and February 2026, Equifax generated and published Plaintiff's credit reports to Plaintiff's creditors and potential lenders.

62.  Plaintiff has no way of verifying the information published on her credit report since 2024 as she is unable to view her credit file.

63.  Overall, Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit

reports and credit files following the Plaintiff's legal name change and despite receiving Plaintiff's government issued identification, social security card, proof of address, birth certificate, and court approved name change decree on numerous occasions, Equifax failed to reconcile Plaintiff's identifying information or consolidate Plaintiff's credit history into a single accurate consumer file.

64. As a direct result of Equifax's unreasonable procedures, Equifax denied Plaintiff rightful access to her own credit file for over one year and counting.

65. As a result of Equifax's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making additional credit applications as she believed she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports of which she was unable to view and verify as correct.

66. Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

67. Equifax's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i</u>

Plaintiff re-alleges paragraphs one (1) through fifty-four (54) as if fully restated herein and further states as follows:

68. Defendant is subject to, and violated the provisions of, 15 United States Code, Sections: 1681i(a)(1) by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; Section 1681i(a)(2) by failing to promptly notify furnishers of each of Plaintiff's disputes; Section 1681i(a)(4) by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; Section 1681i(a)(5) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified; and Section 1681i(a)(6) by failing to provide Plaintiff with written notice of Defendant's re-investigation results following each of Plaintiff's disputes.

69. Specifically, Defendant willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's First Dispute and Second Dispute as described herein.

70. Following Plaintiff's repeated disputes, Defendant *still* failed to correct Plaintiff's credit file accordingly.

71. Overall, Plaintiff's First Dispute and Second Dispute provided Defendant with sufficient information allowing Defendant to identify its reporting

13

errors with respect to Plaintiff's credit file, her name change decree, other supporting documentation, and therefore, to correct the inaccuracies on her credit report.

72. Defendant did not request any documents supporting any information furnished by any of Plaintiff's creditors regarding Plaintiff and her credit files in response to Plaintiff's repeated disputes.

73. Defendant did not independently access or obtain any public records regarding Plaintiff's legal name change decree other than those provided by Plaintiff with her repeated disputes.

74. Plaintiff did not receive any dispute results from Defendant regarding Plaintiff's First Dispute or Second Dispute.

75. As such, Defendant failed to provide Plaintiff with written notice of Defendant's investigations and/or re-investigation results following each of Plaintiff's disputes.

76. To the extent Defendant conducted any re-investigations in response to Plaintiff's repeated disputes, Defendant's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and her credit file was accurate and Defendant failed to subsequently update and remove any inaccurate information regarding Plaintiff's credit reports and credit files or consolidate information onto one report for Plaintiff to view.

77. Such reporting is false and evidences Defendant's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

78. Defendant's failure to review and consider all information received in

Plaintiff's disputes was done in bad faith.

79. Defendant's reinvestigations were *per se* deficient by reason of these failures in Defendant's reinvestigations of Plaintiff's disputes and Plaintiff's credit file.

80. As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was denied credit, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's inaccurate generation and reporting of her credit file, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that Plaintiff was unable to view.

81. Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

82. Defendant's actions in violation of 15 United States Code, Section 1681i, constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681g(a)(1)**

Plaintiff re-alleges paragraphs one (1) through fifty-four (54) as if fully restated herein and further states as follows:

83. Equifax is subject to, and violated the provisions of, 15 United States Code, Section 1681g(a)(1) by failing to clearly and accurately disclose all information in Plaintiff's file to Plaintiff upon receipt of her requests for her consumer disclosure report.

84. More specifically, at various points throughout 2024 and 2025, Plaintiff requested a full copy of her consumer credit file from Equifax over fifteen (15) times.

85. In response, Equifax did not provide Plaintiff with Plaintiff's full credit file but instead, Equifax continued asking Plaintiff for her identifying information that she had previously provided to Equifax via her online portal and via priority certified mail.

86. Furthermore, despite the FCRA requiring Equifax to clearly and accurately disclose all information in Plaintiff's file at the time of her request, Equifax did not comply.

87. On information and belief, each of the furnishers supplying information for the any tradeline accounts reported full account numbers to Equifax, and this information was contained within Equifax's credit file for Plaintiff.

88. Equifax knowingly failed to provide this information to Plaintiff.

89. Equifax's failure to provide full account numbers--partial account numbers, or any part of Plaintiff's credit file—diminishes a consumer's ability to compare the records on a consumer credit disclosure against other sources of information—such as billing statements and payment records—to challenge any potential errors or inaccuracies.

90. Additionally, Equifax created a "split file" where Plaintiff's credit file was split into two separate credit files with essential the same identifying information, thus causing her to lose access to either one.

91. Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

92. Equifax's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n and/or 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a. Judgment against Equifax for maximum statutory damages for violations of the FCRA;

    b. Actual damages in an amount to be determined at trial;

    c. Compensatory damages in an amount to be determined at trial;

    d. Punitive damages in an amount to be determined at trial;

    e. An award of attorneys' fees and costs; and

    f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

    Respectfully submitted,

    **SWIFT LAW PLLC**

    */s/ Jon P. Dubbeld*
    Aaron M. Swift, Esq., FBN 0093088
    Jordan T. Isringhaus, Esq., FBN 0091487
    **Jon P. Dubbeld, Esq., FBN 105869**
    Sean E. McEleney, Esq., FBN 125561
    Jessica A. Cowan, Esq., 1069016
    11300 4th Street N., Suite 260
    St. Petersburg, FL 33716
    Phone: (727) 490-9919
    Fax: (727) 255-5332
    aswift@swift-law.com
    jisringhaus@swift-law.com
    smceleney@swift-law.com
    jcowan@swift-law.com
    jmurphy@swift-law.com
    *Counsel for Plaintiff*