**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASSIE CALLAWAY,
an individual,

       Case No.: 8:26-cv-00459-VMC-SPF

      Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,

      Defendant.

_____/

**PLAINTIFF'S**
**ANSWERS TO THE COURT'S INTERROGATORIES**

    **COMES NOW**, Plaintiff, CASSIE CALLAWAY, pursuant to the Court's

Fast-Track Scheduling Order (Doc. 9), and hereby submits their answers to the

Court's Interrogatories directed to Plaintiffs as follows:

    1.    Are you alleging willful noncompliance with a requirement imposed by
the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (FCRA)?

    **ANSWER:** Yes.

    2.    If you answered yes to number 1, itemize your actual damages
sustained as a result of the alleged failure to comply, or indicate your election of
statutory damages.

    **ANSWER:** I intend to pursue both actual damages and statutory damages as

may be allowed by the Fair Credit Reporting Act, 15 United States Code, Section 1681 ("FCRA"). More specifically, I intend to pursue maximum statutory damages of $1,000 per count. In calculating actual damages under the FCRA, I seek a value determined as reasonable compensation for the emotional distress, anxiety, frustration, confusion, annoyance, and fear directly and proximately caused by the actions of Equifax. More specifically, as a result of Defendant's failure to comply with the requirements set forth in the FCRA, I seek actual damages in keeping with decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation, and similar elements. The amount of actual damages to be awarded will be determined by the fact finder through my testimony, the testimony of any expert witnesses, and through further information or testimony obtained during discovery. Such actual damages are not liquidated and do not lend themselves to a specific statement of calculation. *See Williams v. Trader Pub. Co.*, 218 F.3d 481, 486-487 (5th Cir. 2000); *Morrison Knudsen Corp., v. Fireman's Fund Ins. Co.*, 175 F.3d 1221 (10th Cir. 1999); *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D. Tex. 1997). For example:

> *Soghomonian v. Trans Union* (N.D Ca 2004) ($330,000 actual damages and $660,000 punitive damages);
>
> *Conseco Finance Servicing Corp. v. Carlson*, District Court, Creek County, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and $900,000.00 in punitive damages);

*Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W. Va. 1990) (jury award of $4,000 compensatory, $42,500 punitive upheld);

*Thornton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($5,000 compensatory and $250,000 in punitive damages);

*Yohay v. City of Alexandria Employees Credit Union*, 827 F.2d 967 (4th Cir. 1987) (punitive damages $10,000; fees and costs over $33,000 in case involving impermissible access of consumer reports under false pretenses);

*Stevenson v. TRW, Inc.*, 978 F.2d 288 (5th Cir. 1993) ($30,000 mental anguish and embarrassment, $20,700 fees; appellate court remitted $100,000 punitives);

*Mills v. NationsBank* (Florida, 1999) (jury award $140,000 actual and $300,000 punitive damages for false credit reports).

As of now, I was denied a home purchase in Georgia and lost out on approximately $5,700 dollars in earnest money. I will seek such information through discovery.

3.    If you answered yes to number 1, and only if you are seeking to impose liability on a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, itemize your actual damages sustained as a result of the alleged failure to comply, or indicate your election of statutory damages.

**ANSWER:** I am not currently seeking to impose liability on a natural person for obtaining my consumer report under false pretenses or knowingly without a permissible purpose.

I reserve the right to amend my Complaint and response to this interrogatory

should I obtain evidence through the discovery process indicating that a natural person accessed my consumer reports under false pretenses.

4.    If you answered yes to number 1, and only if you are a credit reporting agency seeking to impose liability on a person who obtained a consumer report under false pretenses or knowingly without a permissible purpose, itemize your sustained actual damages.

**ANSWER:** Not applicable; Plaintiffs are not a credit reporting agency.

5.    Are you alleging negligent noncompliance with a requirement imposed by the FCRA?

**ANSWER:** Yes.

6.    If you answered yes to number 5, itemize your actual damages sustained as a result of the alleged failure to comply.

**ANSWER:**  In calculating actual damages under the FCRA, I seek a value determined as reasonable compensation for the emotional distress, anxiety, frustration, confusion, annoyance, and fear directly and proximately caused by the actions of Defendant.  More specifically, as a result of Defendant's failure to comply with the requirements set forth in the FCRA, I seek actual damages pursuant to the FCRA.  Such damages will likely be in keeping with decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation, and similar elements.  The amount of actual damages Plaintiffs seek will be determined by the fact finder through my testimony, the testimony of any expert witnesses, and through further information or testimony obtained during discovery.  Such actual damages are not liquidated and do not lend

themselves to a statement of calculation.  *See Williams v. Trader Pub. Co.*, 218 F.3d 481, 486-487 (5th Cir. 2000); *Morrison Knudsen Corp., v. Fireman's Fund Ins. Co.*, 175 F.3d 1221 (10th Cir. 1999); *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D. Tex. 1997).

As of now, I have actual credit denial damages tied to the loss of a home purchase in Georgia.  I am not sure the actual value of the denial, but I will seek such information through discovery.

7.     Specify all attorney's fees and costs incurred to date. With respect to attorney's fees, provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

**ANSWER: Please refer to the table found below:**

| Name | Title | Hourly Rate | Billable Hours | Non-billable Hours | Total |
|---|---|---|---|---|---|
| Jon P. Dubbeld | Attorney | $700.00 | 8.7 | 0 | 8.7 |
| Jessica A. Cowan | Attorney | $350.00 | 4.6 | 0 | 4.6 |
| Jennifer Murphy | Paralegal | $125.00 | 1.5 | 0 | 1.5 |
| Veronica Costilla | Paralegal | $125.00 | 0 | 0 | 0 |
|  |  |  |  |  |  |

| Cost | Amount |
|---|---|
| Filing Fee | $405.00 |
| Service of Process Fees | $65.00 |

8.     State the date on which you discovered the alleged violation that forms the basis of this action.

**ANSWER:**  Violations occurred on more than one specific date in this case. In  July 2024, I noticed my Equifax report was mixed with someone else's.  Since that time, I have continuously had issues with my Equifax report, and have disputed since then.

9.      State the date on which the alleged violation that forms the basis of this action occurred.

**ANSWER**:  Violations occurred on more than one specific date in this case; From July 2024 to present.

10.      Are you seeking or do you intend to seek class certification in this action? If so, briefly describe the putative class.

**ANSWER:**  No.

11.      What section(s) of the FCRA are you alleging were violated by Defendant?

**ANSWER:**  Equifax violated the FCRA, 15 United States Code, Sections 1681e(b), 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5).

12.      If you allege a violation of 15 U.S.C. § 1681(b):
(a) Were you a job applicant or a current employee of Defendant at the time Defendant took the alleged adverse employment action?
(b) Did you ever receive a disclosure from Defendant indicating that Defendant may procure, or cause to be procured, a consumer report? If so, when and by what means?
(c) Did you ever authorize, in writing, Defendant to procure, or cause to be procured, a consumer report?
(d) If you were a job applicant for a position over which the Secretary of Transportation has the power to establish qualification and maximum hours of service pursuant to section 31502 of Title 49, or a position subject to safety regulation by a State transportation agency, was your only contact with the person who procured, or caused to be procured, the consumer report by mail,

telephone, computer, or other similar means?

(e) When was the alleged adverse employment action taken by Defendant?

(f) What was the alleged adverse employment action?

(g) When, if at all, did you receive a copy of the consumer report that Defendant relied on, in whole or in part, to take the alleged adverse employment action?

(h) When, if at all, did you receive a description, in writing, of your rights under the FCRA, as prescribed by the Bureau of Consumer Financial Protection under § 1681g(c)(3)?

(i) Does the consumer report that was used, in whole or in part, as the basis for the adverse employment action contain medical information, as defined in 15 U.S.C. § 1681a(i)?

(j) If you answered yes to 12(i), did you provide specific written consent for the furnishing of the consumer report that described in clear and conspicuous language the use for which the information will be furnished?

**ANSWER:** Not applicable; I did not allege a violation of 15 United States Code, Section 1681(b).

13.     If you allege a violation of 15 U.S.C. § 1681c, specifically identify the information you contend should not have been included within the consumer report.

**ANSWER:** Not applicable; we did not allege a violation of 15 United States Code, Section 1681c.

14.     If you allege a violation of 15 U.S.C. § 1681i:

(a)     What information in the consumer report do you contend is inaccurate, incomplete, or unverifiable?

**ANSWER:** As alleged in the Complaint, my Equifax file was mixed with my former name. In response to my multiple phone disputes and written disputes, Equifax failed to correct my file.

(b)     Did you notify, directly or indirectly, the consumer reporting agency of your dispute? If so, when and by what means?

**ANSWER**: Yes, we directly notified Equifax via phone and written disputes.

(c)     Did you receive a notice from the Defendant consumer reporting agency that it had determined your dispute was frivolous or irrelevant? If so, when did you receive such notification and by what means?

**ANSWER:** No.

(d)     If you received a notice that your dispute was determined to be frivolous or irrelevant, what information did the notification contain?

**ANSWER:** Not applicable.

(e)     Was information that was deleted from a consumer report after a reinvestigation prompted by your dispute reinserted into the consumer report?

**ANSWER:** We are not alleging a reinsertion claim.

(f)     If you answered yes to 14(e), when did you receive notice of the reinsertion and by what means?

**ANSWER:** Not applicable.

(g)     If you received a notice of reinsertion referenced in 14(e), what information did the notification contain?

**ANSWER:** Not applicable.

(h)     When, if at all, did you receive notice of the consumer reporting agency's completion of its reinvestigation prompted by your dispute?

**ANSWER:** Equifax failed to provide results to my disputes on many occasions because they claimed they could not locate my file; this is because they had my file mixed with my former name.

(i)     If you received a notice described in 14(h), what information did the notification contain and by what means were you notified?

**ANSWER:** I did receive some written response in the mail before my file

was mixed in August 2025.

(j)    Did you request from the consumer reporting agency a description of its procedure to determine the accuracy and completeness of the information disputed by you?

**ANSWER:** No.

(k)    If you answered yes to 14(j), when, if at all, did you receive the description referenced in 14(j)?

**ANSWER:** Not applicable; I did not request a description of such procedures.

(l)    If you filed a statement of dispute with the consumer reporting agency:
(I).    When did you file your statement of dispute with the consumer reporting agency; and

**ANSWER:** I have not filed a specific statement of dispute.

(II).    What consumer reports issued subsequent to the filing of your statement of dispute referenced in 14(l)(I) do not contain your statement or an accurate summary thereof?

**ANSWER:** Not applicable; I have not filed a specific statement of dispute.

(m)    Did you request and designate any person to receive notice that an item on your consumer report has been deleted or to receive your statement of dispute or summary thereof? If so, when?

**ANSWER:** No.

(n)    If you answered yes to 14(m), list any such person and the date on which said person received a consumer report containing the deleted information.

**ANSWER:** Not applicable.

(o)    If you are suing a reseller, as defined by 15 U.S.C. § 1681a(u):
(I).    When did you notify the reseller of your dispute;

(II).    What information did you dispute;

(III).    If you allege the reseller referred the dispute to a consumer reporting agency for reinvestigation, correction, or removal, when, if at all, did you receive notice of the completion of the reinvestigation, by what means, and what information did the notification contain?

**ANSWER:** Not applicable; I am not suing a reseller as defined by the FCRA, 15 United States Code, Section 1681a(u).

## GENERAL RESERVATION OF RIGHTS

Plaintiff reserves the right to amend her Interrogatory responses as discovery is ongoing in this case and Plaintiff may obtain further information relevant to this cause of action.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Name: Cassie Callaway_____

Executed On:_____

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*_____
Jon P. Dubbeld, Esq., FBN 105869
Jessica A. Cowan, Esq., FBN 1069016
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com

jcowan@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 27, 2026, I electronically filed a true and correct copy of the foregoing *Plaintiff's Answers to the Court's Interrogatories* via CM/ECF which shall furnish a copy of the same to all counsel of record.

/s/ *Jon P. Dubbeld*
*Counsel for Plaintiff*