**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO: 8:26-CV-00459-VMC-SPF**

CASSIE CALLAWAY, an individual,

      Plaintiff,

  v.

EQUIFAX INFORMATION
SERVICES LLC, a foreign limited
liability company,

      Defendant.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSES TO THE COURT'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Equifax Information Services LLC ("Equifax"), serves upon Plaintiff, Cassie Callaway ("Plaintiff"), the following responses to the Court's Interrogatories to Defendant Equifax Information Services LLC ("Interrogatories").

**INTERROGATORY NO. 1:**

If Plaintiff is alleging a violation of 15 U.S.C. § 1681b:

(a)    Did you, or the person who obtained the consumer report on your behalf, make the certifications required under 15 U.S.C. § 1681b(b) (1)?

(b)    Did you ever provide a disclosure to Plaintiff indicating that you may procure, or cause to be procured, a consumer report? If so, when and by what means?

(c)     Did Plaintiff ever authorize, in writing, you to procure, or cause to be procured a consumer report? If so, when did you receive such authorization?

(d)     If Plaintiff was a job applicant for a position over which the secretary of Transportation has the power to establish qualification and maximum hours of service pursuant to section 31502 of Title 49, or a position subject to safety regulation by a state transportation agency, was your only contact with Plaintiff by mail, telephone, computer, or other similar means?

(e)     When did you take the adverse employment action against Plaintiff?

(f)     When did you provide Plaintiff with a copy of the consumer report used, in whole or in part, as the basis of the adverse employment action?

(g)     When and how did you provide Plaintiff a written description of his or her rights under the FCRA, as prescribed by the Bureau under § 1681g(c) (3)?

## RESPONSE TO NO. 1:

This Interrogatory is not applicable to Defendant Equifax because Plaintiff has not alleged violations of § 1681b against Equifax.

## INTERROGATORY NO. 2:

If Plaintiff alleges a violation of 15 U.S.C. § 1681i:

(a)     When, if at all, did Plaintiff notify you, directly or indirectly, that Plaintiff disputed the accuracy, completeness, or the ability to verify information contained in a consumer report?

**RESPONSE TO NO. 2(a):** Plaintiff notified Equifax that she was disputing the accuracy of certain information on her Equifax consumer reports on July 13, 2024, June 25, 2025, and June 27, 2025. Also, in an August 7, 2025 phone call with

2

325576897v.1

Equifax, Plaintiff told Equifax that none of the accounts she was then viewing on her file were accurate but did not clearly identify each account.

(b)    If Plaintiff disputed some information in the consumer report, what information did Plaintiff dispute?

**RESPONSE TO NO. 2(b):** Plaintiff disputed accounts with: (1) Guaranteed Removals, (2) Genesis Credit, (3) Columbia Debt Recovery, (4) LVNV Funding, (5) Coast to Coast Financing, (6) Portfolio Recovery Services, (7) Westlake Portfolio Management, (8) Synchrony Network, and (9) Chase Bank, as well as credit inquiries from Service First Finance, AMEX Banking, and Comenity Bank/Kay Jewelers that allegedly did not belong to her. Based on her August 7, 2025 phone call to Equifax, her request is unclear as she told Equifax that the disclosure she received the week before was accurate. The July 30, 2025 disclosure contained the same accounts as the August 7, 2025 disclosure (with the exception of a newly opened Regents First Card account that did not appear on the July 30 disclosure).

(c)    If you determined that Plaintiff's dispute was frivolous or irrelevant, did you notify Plaintiff as such? If so, when and how?

**RESPONSE TO NO. 2(c):** Equifax did not determine that Plaintiff's disputes were frivolous or irrelevant and thus did not notify Plaintiff as such.

(d)    If you sent a notice to Plaintiff informing Plaintiff his or her dispute was determined to be frivolous or irrelevant, what information did the notification contain?

3

**RESPONSE TO NO. 2(d):**  Not applicable. Equifax did not determine that Plaintiff's disputes were frivolous or irrelevant and thus did not notify Plaintiff as such.

(e)    Was information ever deleted from a consumer report issued by you that pertained to Plaintiff because of a dispute made by Plaintiff?

**RESPONSE TO NO. 2(e):** Yes, accounts with Portfolio Recovery, LVNV Funding, and Synchrony Bank were deleted from Plaintiff's file following her dispute made on July 13, 2024; and a Columbia Debt Recovery account was deleted following her dispute made on June 25, 2025.

(f)    If you answered yes to 2(e), was the information referred to in 2(e) ever reinserted into the consumer report pertaining to Plaintiff?

**RESPONSE TO NO. 2(f):** No.

(g)    If you answered yes to 2(f), when and by what means did you send Plaintiff notification of the reinsertion referenced in 2(f)?

**RESPONSE TO NO. 2(g):** Not applicable. See Equifax's answer to Interrogatory No. 2(f).

(h)    If you sent Plaintiff a notification referenced in 2(g), what information did the notification contain?

**RESPONSE TO NO. 2(h):** Not applicable. See Equifax's answer to Interrogatory No. 2(f).

(i)    Did Plaintiff ever request a description of the procedure you used to determine the accuracy or completeness of information disputed by Plaintiff?

**RESPONSE TO NO. 2(i):** No.

325576897v.1

(j)      If you answered yes to 2(i), when, if at all, and how did you send Plaintiff a description of the procedure referred to in 2(i)?

**RESPONSE TO NO. 2(j):** Not applicable. See Equifax's answer to Interrogatory No. 2(i).

(k)      Did Plaintiff ever file a statement of dispute with you? If so, when and how?

**RESPONSE TO NO. 2(k):** No.

(l)      If Plaintiff ever filed a statement of dispute with you, did any subsequently issued consumer report not contain the statement of dispute or an accurate summary thereof?

**RESPONSE TO NO. 2(l):** Not applicable. See Equifax's answer to Interrogatory No. 2(k).

(m)      Did Plaintiff ever request and designate any person to receive notice that an item on a consumer report pertaining to Plaintiff had been deleted or to receive Plaintiff's statement of dispute or summary thereof?

**RESPONSE TO NO. 2(m):** No.

(n)      If you answered yes to 2(m), when did Plaintiff make such request?

**RESPONSE TO NO. 2(n):** Not applicable. See Equifax's answer to Interrogatory No. 2(m).

(o)      If you answered yes to 2(m), list any such person and the date on which said person received a consumer report containing the deleted information.

**RESPONSE TO NO. 2(o):** Not applicable. See Equifax answer to Interrogatory No. 2(m).

(p)      If you are a reseller, as defined by 15 U.S.C. § 1681a(u):

5

(I).   When did you receive notification of Plaintiff's dispute;

(II).   What information did Plaintiff dispute;

(III).   If you referred the dispute to a consumer reporting agency for reinvestigation, correction, or removal, when, if at all, did you forward the consumer reporting agency's notice of completion as to the reinvestigation, by what means, and what information did the notification contain?

**RESPONSE TO NO. 2(p):**   Not applicable. Equifax is a credit reporting agency and not a reseller as defined by 15 U.S.C. § 1681a(u).

**INTERROGATORY NO. 3:**

Regardless of which section of the FCRA Plaintiff alleges you violated, do you claim any exemption or exception that may be available under the FCRA in this action? If so, specifically identify the exemption or exception and state the factual basis for claiming such exemption or exception.

**RESPONSE TO NO. 3:**

Equifax does not claim an exemption or exception in this action.

6

DATED:  June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Sylas A. Kern*

Sylas A. Kern, Bar No. 1045399
skern@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:  (312) 460-5413
Facsimile:  (312) 460-7000

*Counsel for Defendant*
*Equifax Information Services LLC*

7

325576897v.1

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2026, I presented the foregoing

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSES TO

THE COURT'S INTERROGATORIES with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Sylas A. Kern</u>
Sylas A. Kern
*Counsel for Defendant*
*Equifax Information Services LLC*

325576897v.1

## **VERIFICATION**

I, Celestina Gobin, am an employee with Equifax Inc., parent company of Equifax Information Services LLC, and am authorized to make this Verification on behalf of Equifax Information Services LLC. The responses set forth in the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWERS TO THE COURT'S INTERROGATORIES in the case of *Cassie Callaway v. Equifax Information Services LLC*, Case No. 8:26-cv-00459-VMC-SPF, are true and correct to the best of my present knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This ___17.00___ day of June 2026.

*Celestina Gobin*
_____
Celestina Gobin

325576897v.1